E-FILED
Friday, 02 July, 2021 11:29:53 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ZACHARY LEE VEACH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 21-CV-4075 |
| | ) | |
| ROCK ISLAND COUNTY JAIL, OFFICER LAGAISSE, NURSE LEDA, MAINTENANCE, NURSE ROSIE, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE.**

Plaintiff filed this case pro se from his detention in the Rock Island County Jail. Plaintiff has been released, but the Court must still conduct a merit review of the complaint pursuant to 28 U.S.C. § 1915A because Plaintiff brought this action when he was a prisoner. Section 1915A requires the Court to identify cognizable claims stated by the Complaint or to dismiss claims that are not cognizable.[1] In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Page **1** of **4**

favor and taking Plaintiff's pro se status into account. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that Officer Lagiasse dropped off cleaning supplies to Plaintiff's housing unit on April 1, 2021. Plaintiff grabbed the broom, injuring his finger on exposed shredded metal where the rubber should have been. Officer Lagiasse and the floor nurse tried to give Plaintiff an unsanitary towel and a bedsheet to treat his wounds. When Plaintiff refused, Plaintiff received proper treatment from Nurse Leda and was transferred to the hospital where surgical glue was applied to the laceration. However, Plaintiff spent two hours trying to convince the jail nurse that his wound was serious before he was taken to the hospital. Plaintiff alleges that he still cannot fully use his finger even though the injury has completely healed. Plaintiff maintains that the person in charge of maintenance should have noticed the condition of the broom.

Negligence, or a mistake, does not state a federal claim. Townsend v. Cooper, 759 F.3d 678, 689 (7th Cir. 2014). That jail staff "should have" noticed the condition of the broom is a claim for negligence. Pierson v. Hartley, 391 F.3d 898, 902 (7th Cir. 2004)("Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk."). In order to state a federal claim, the allegations must allow a reasonable inference that the broom posed an objectively serious risk of harm to detainees and that Defendants knew about the risk but gave the broom out anyway. The facts alleged do not allow an inference of that kind of purposeful or reckless conduct.

As for Plaintiff's medical treatment, the allegations must allow an inference that the treatment Plaintiff received was objectively unreasonable considering the totality of the circumstances. Despite Plaintiff's initial difficulty obtaining treatment, Plaintiff was properly treated at the jail and at the hospital within two hours of his injury. No plausible inference arises from these facts that the response to Plaintiff's injury was objectively unreasonable. Miranda v. Cty. of Lake, 900 F.3d 335, 352 (7th Cir. 2018).

**IT IS THEREFORE ORDERED:**

1) Plaintiff's petition to proceed in forma pauperis is granted. [7.]

2) Plaintiff's complaint is dismissed without prejudice for failure to state a federal claim.

3) Plaintiff may file an amended complaint by July 30, 2021. If Plaintiff does not file an amended complaint, or the amended complaint still fails to state a federal claim, this action will be dismissed for failure to state a claim.

4) Plaintiff's motion for the Court to search for pro bono counsel is denied. [4.] The Court cannot order an attorney to accept pro bono appointment on a civil case such as this. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). The Court will try to find counsel only if Plaintiff is not able to proceed pro se. Before the Court makes that determination, Plaintiff must demonstrate reasonable efforts to find counsel on his own. This typically means contacting several attorneys and filing the attorneys' responses.

ENTERED: 7/2/2021

**s/Sue E. Myerscough**
SUE E. MYERSCOUGH
U.S. DISTRICT JUDGE